IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

TERRELL PANKEY and                                                              PLAINTIFFS
SMITH COUNTY STONE, LLC

vs.                                       Civil No. 4:13-cv-04046

WESTERN ARKANSAS ROCK, INC. ET AL.                              DEFENDANTS

## REPORT AND RECOMMENDATION
## OF A UNITED STATES MAGISTRATE JUDGE

Before the Court is Separate Defendant Luke B. Duffield's Motion to Dismiss. ECF No. 11.
With this Motion, Defendant Luke Duffield seeks dismissal of the claims against him because he
states Plaintiffs have provided no factual support for the claims against him. *Id.* Plaintiffs have
responded to this Motion and state their complaint collectively refers to "THE DUFFIELDS" and
that term includes Luke Duffield. ECF No. 25. Accordingly, Plaintiffs argue they have provided
factual support for their claims against Luke Duffield. *Id.* This Motion has been referred to the
undersigned by the Honorable U.S. District Judge Susan O. Hickey pursuant to the provisions of 28
U.S.C. § 636(b)(1) and (3) (2009).

Upon review, the Court finds Plaintiffs are correct, and this Motion to Dismiss is based upon
a misreading of the complaint in this matter. In their complaint, Plaintiffs collectively refer to Billy
Joe Duffield, Larry Duffield, Luke Duffield, and Randy Duffield as the "THE DUFFIELDS." ECF
No. 1 ¶ 10. Plaintiffs then make specific factual allegations against "THE DUFFIELDS." ECF No.
1 ¶¶ 26-36, 37-41, 42, 57-64. Thus, the Court finds Plaintiffs have alleged sufficient facts with
regard to the actions of Luke Duffield. Accordingly, the Court recommends this Motion to Dismiss
(ECF No. 11) be **DENIED.**

1

The Parties have fourteen (14) days from receipt of this Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The Parties are reminded that objections must be both timely and specific to trigger *de novo* review by the district court.  *See Thompson v. Nix*, 897 F.2d 356, 357 (8th Cir. 1990).

ENTERED this 18th day of December 2013.

/s/   Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE

2