IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

TERRELL PANKEY and                                                                                PLAINTIFFS
SMITH COUNTY STONE, LLC

vs.                                        Civil No. 4:13-cv-04046

WESTERN ARKANSAS ROCK, INC. ET AL.                                          DEFENDANTS

## ORDER

Before the Court are Plaintiffs' Motions to Compel Production of Documents from Defendant Western Arkansas Rock, Inc. ("WAR"), Defendant Amelia Minerals, LLC ("Amelia"), Defendant Billy Joe Duffield, and Defendant Larry Duffield.  ECF Nos. 34-37.  Defendants have each responded to these Motions.  ECF Nos. 40, 42, 44, 50.  Upon review, and as outlined in further detail below, the Court finds these Motions should be **GRANTED.**

1.     **Background:**

On May 6, 2013, Plaintiffs filed a Complaint against Defendants WAR, Amelia, David J. Potter, Billy Joe Duffield, Larry Duffield, Luke B. Duffield, and Randy Duffield.  ECF No. 1.  This lawsuit arises out of a contract dispute between Plaintiffs and WAR.  *Id.*  ¶¶ 14-22.  On March 6, 2008, Plaintiffs entered into a contract with WAR which granted Plaintiffs the right to mine, grade, stockpile, load, and remove rock from a quarry in Sevier County, Arkansas.  *Id.*  The contract term was five years beginning on March 4, 2008 and ending on Feburary 28, 2013.  *Id.*  On August 27, 2010, WAR allegedly breached its contract with Plaintiffs by prematurely terminating that contract. *Id.*

In addition to breach of contract, Plaintiffs claim Defendants Billy Joe Duffield, Larry Duffield, Luke B. Duffield, Randy Duffield ("Duffields"), and Amelia are liable for interference with

1

that contract. ECF No. 1 ¶¶ 26-36. Plaintiffs also claim Defendant David Potter is liable for interference with business relations; all Defendants are liable for their conspiracy to interfere with Plaintiffs' contract and business relations; Defendant David Potter is liable under an alter ego theory of liability; and Defendants Duffields and Amelia are liable for their failure to maintain security which resulted in damage to Plaintiffs' personal property. *Id.* ¶¶ 37-57.

Plaintiffs filed the current Motions on December 18, 2013. ECF Nos. 34-37. With these Motions, Plaintiffs seek to compel Defendants WAR, Amelia, Billy Joe Duffield, and Larry Duffield to respond to discovery requests. ECF Nos. 34-37. As noted above, these Defendants have responded (ECF Nos. 40, 42, 44, 50), and these Motions are now ripe for consideration.

**2.     Applicable Law:**

Plaintiffs seek to compel these Defendants to produce responsive documents pursuant to Rule 37 of the Federal Rules of Civil Procedure. Rule 37 permits a party to "move for an order compelling disclosure or discovery."

Plaintiffs also claim these documents should be produced because they are discoverable under Rule 26(b) of the Federal Rules of Civil Procedure. Pursuant to Rule 26(b), the "scope of discovery" includes "any nonprivileged matter that is relevant to any party's claim or defense–including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter."

**3.     Discussion:**

   **A.     Requests to Defendant Western Arkansas Rock, Inc.**

Plaintiffs move to compel Defendant WAR to fully respond to Request for Production Nos. 1, 3, 4, and 9. ECF No. 34. The following are these requests:

- *Request for Production No. 1* seeks the following: "All documents, including, but not limited to, correspondence, written communications, and agreements, between WAR and another Defendant or Defendants to this suit (excluding DAVID J. POTTER), related to the HMB Quarry and covering the period of time from November 2005 to the current date."

- *Request for Production No. 3* seeks the following: "All documents, including, but not limited to, correspondence, written communications, agreements (including Mining Lease of November 21, 2005, and its Addendum #1–Sublease of February 2008), and Mining Plans between WAR and Lansel Materials, LLC."

- *Request for Production No. 4* seeks the following: "All documents related to payments made to WAR related to sales and associated revenue from the HMB Quarry from November 2005 to the current date."

- *Request for Production No. 9* seeks the following: "The corporate income tax returns of Western Arkansas Rock, Inc. for the years 2008, 2009, 2010, 2011, and 2012, including the Schedule(s) K-1 for the sub-chapter 5 members of the corporation."

Defendant WAR has responded to Plaintiffs' Motion to Compel. ECF No. 50. Its primary objection to these requests is that these documents are outside the relevant time period because "Plaintiff had no interest in the WAR rock quarry prior to March 6, 2008," the date the contract was entered into between Plaintiffs and Defendant WAR. *Id.* Defendant WAR also claims No. 9 is objectionable because it relates to "private" material. ECF No. 34-2 at 5.

The Court has considered Defendant WAR's objections. First, the Court finds most of these requests do include a date restriction of November of 2005, less than three years before Plaintiffs entered into a contract with Defendant WAR. The Court finds this date restriction is not unreasonable and orders Defendant WAR to produce all documents responsive to Request for Production Nos. 1, 3, and 4. Second, Defendant WAR claims the documents responsive to Request for Production No. 9 cannot be produced because they contain "private" information. The Court has also considered this objection and finds it is merited. Accordingly, consistent with the directives outlined in the conclusion of this Order, the Court finds the documents responsive to this request

3

should only be produced after a protective order has been entered in this case.

  **B.**  **Requests to Defendant Amelia**

Plaintiffs move to compel Defendant Amelia to respond to Request for Production Nos. 6, 7, 8, 9, 11, 12, 13, and 14. ECF No. 35. The following are these requests:

- *Request for Production No. 6* seeks the following: "All documents reflecting payments made by AMELIA to WAR and/or DAVID J. POTTER related to sales and associated revenue from the HMB Quarry and adjoining lands, including the Billy Duffield Quarry, from August 2010 to the current date."

- *Request for Production No. 7* seeks the following: "All documents reflecting sales by AMELIA from mining operations conducted on the HMB Quarry and on lands adjoining the HMB Quarry, including the Billy Duffield Quarry, from August 2010 to the current date."

- *Request for Production No. 8* seeks the following: "Copies of all weight tickets, customer invoices, contracts with customers for material sold by AMELIA from the HMB Quarry and adjoining lands, including the Billy Duffield Quarry, from August 2010 to the current date."

- *Request for Production No. 9* seeks the following: "A customer list of AMELIA for customers of materials sold from the HMB quarry and adjoining lands, including the Billy Duffield Quarry, for the period of August 2010 to the current date. Include the names, addresses, telephone numbers, and contact person's identity in the customer list."

- *Request for Production No. 11* seeks the following: "Copy of all reports of sales made from the HMB Quarry and adjoining lands and copies of all checks for royalties paid to WESTERN ARKANSAS ROCK, INC., and/or DAVID J. POTTER for the period of August 2010 to the current date."

- *Request for Production No. 12* seeks the following: "The corporate income tax returns of AMELIA MINERALS, LLC, for the years 2010, 2011, and 2012, including Schedules K-1."

- *Request for Production No. 13* seeks the following: "All raw data work sheets, summaries, and other informational documents presented to the tax return preparer for the 2010, 2011, and 2012 tax returns of AMELIA MINERALS, LLC, which the tax return preparer utilized and relied upon to prepare said tax returns."

- *Request for Production No. 14* seeks the following: "All documents in your possession which were previously kept in the offices of SMITH COUNTY STONE, LLC, and/or TERRELL PANKEY at the HMB Quarry, including, but not limited to, invoices, accounting records, checks, check registers, and weight tickets."

Defendant Amelia has responded to Plaintiffs' Motion to Compel. ECF No. 40. In this response, Defendant Amelia states it has responded to Request for Production No. 14, and there is no longer a dispute as to this request. Thus, the Court will not address this request. For the remainder of the requests, Defendant Amelia claims these requests should be denied because they seek information that is "irrelevant, immaterial" and also because they seek confidential financial information. ECF No. 40 ¶ 3.

The Court has considered Defendant Amelia's objections. First, the Court finds the information Plaintiffs have requested is within the permissible scope of discovery, and these requests do not seek irrelevant or immaterial information. Second, the Court finds Defendant Amelia's objection regarding the sensitive nature of this material is merited. Accordingly, consistent with the directives outlined in the conclusion of this Order, the Court finds the documents responsive to these requests should only be produced after a protective order has been entered in this case.

### C. Requests to Defendant Billy Joe Duffield

Plaintiffs move to compel Defendant Billy Joe Duffield to respond to Request for Production Nos. 3, 4, and 5. ECF No. 36. The following are these requests:

- *Request for Production No. 3* seeks the following: "All documents related to payments made to DAVID J. POTTER related to sales and associated revenue from the HMB Quarry and its adjoining lands from August 2010 to the current date."

- *Request for Production No. 4* seeks the following: "All documents related to payments made to WAR related to sales and associated revenue from the HMB Quarry and its adjoining lands from August 2010 to the current date."

- *Request for Production No. 5* seeks the following: "The Schedule K-1 received from AMELIA MINERALS, LLC, or any other party, related to income from the HMB Quarry and utilized by DUFFIELD in the preparation of his personal Income Tax Return for the years 2010, 2011, and 2012."

Defendant Billy Joe Duffield[1] has responded to Plaintiffs' Motion to Compel. ECF No. 44. In this response, Defendant Billy Joe Duffield claims these requests should be denied because they seek information that is "irrelevant, immaterial" and also because they seek confidential financial information. ECF No. 44 ¶ 4.

The Court has considered Defendant Billy Joe Duffield's objections. First, the Court finds the information Plaintiffs have requested is within the permissible scope of discovery, and these requests do not seek irrelevant or immaterial information. Second, the Court finds Defendant Billy Joe Duffield's objection regarding the sensitive nature of this material is merited. Accordingly, consistent with the directives outlined in the conclusion of this Order, the Court finds the documents responsive to these requests should only be produced after a protective order has been entered in this case.

### D.    Requests to Defendant Larry Duffield

Plaintiffs move to compel Defendant Larry Duffield to respond to Request for Production Nos. 3, 4, and 5. ECF No. 37. The following are these requests:

- *Request for Production No. 3* seeks the following: "All documents related to payments made to DAVID J. POTTER related to sales and associated revenue from the HMB Quarry and its adjoining lands from August 2010 to the current date."

- *Request for Production No. 4* seeks the following: "All documents related to payments made to WAR related to sales and associated revenue from the HMB Quarry and its adjoining lands from August 2010 to the current date."

- *Request for Production No. 5* seeks the following: "The Schedule K-1 received from AMELIA MINERALS, LLC, or any other party, related to income from the HMB Quarry and utilized by DUFFIELD in the preparation of his personal Income Tax Return for the years 2010, 2011, and 2012."

---

[1] According to this response, Defendant Billy Joe Duffield is now deceased, and this response was entered in order to protect his interests. ECF No. 44.

Defendant Larry Duffield has responded to Plaintiffs' Motion to Compel. ECF No. 42. In this response, Defendant Larry Duffield claims these requests should be denied because they seek information that is "irrelevant, immaterial" and also because they seek confidential financial information. ECF No. 42 ¶ 3.

The Court has considered Defendant Larry Duffield's objections. First, the Court finds the information Plaintiffs have requested is within the permissible scope of discovery, and these requests do not seek irrelevant or immaterial information. Second, the Court finds Defendant Larry Duffield's objection regarding the sensitive nature of this material is merited. Accordingly, consistent with the directives outlined in the conclusion of this Order, the Court finds the documents responsive to these requests should only be produced after a protective order has been entered.

**4.** **Conclusion**:

Based upon the reasoning outlined in this Order, the Court **GRANTS** Plaintiffs' Motions to Compel (ECF Nos. 34, 35, 36, 37).

However, due to the potentially sensitive nature of these documents, the Court directs the Parties to confer and prepare a joint proposed protective order aimed at protecting the sensitive nature of these documents. This proposed protective order is due within **ten (10) days of the date of this Order.** If the Parties cannot agree to a joint proposed protective order, they may submit their own proposed protective orders by the same deadline.

The Court will then enter a protective order. After this protective order is entered, these Defendants have **twenty (20) days** to produce the documents Plaintiffs have requested.

ENTERED this 31st day of January 2014.

　　　　　　　　　　　　　　　　　　　　　　/s/   Barry A. Bryant
　　　　　　　　　　　　　　　　　　　　　　HON. BARRY A. BRYANT
　　　　　　　　　　　　　　　　　　　　　　U.S. MAGISTRATE JUDGE