IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

TERRELL PANKEY and
SMITH COUNTY STONE, LLC                                                    PLAINTIFFS

v.                                          Case No. 4:13-cv-04046

WESTERN ARKANSAS ROCK, INC.;
and DAVID J. POTTER                                                        DEFENDANTS

## ORDER

Before the Court is the Report and Recommendation filed January 28, 2015 by the Honorable

Barry A. Bryant, United States Magistrate Judge for the Western District of Arkansas.  (ECF No.

95).  Judge Bryant recommends that the Motion for Summary Judgment by Defendants Western

Arkansas Rock ("WAR") and David J. Potter be granted in part and denied in part.  Both parties

have filed objections to the Report and Recommendation.  (ECF Nos. 96 & 97).  The Court finds this

matter ripe for its consideration.

Judge Bryant recommends Defendants' motion be granted with respect to all claims against

Potter.  As to WAR, he recommends the motion be granted on Plaintiffs' claims for interference with

business relations and conspiracy.  He also recommends Defendants' motion for summary judgment

on the issue of punitive damages be granted.  He recommends that the Plaintiffs' claim for breach

of contract against WAR and WAR's counter-claim against Plaintiffs proceed to trial.

I.  Defendant Western Arkansas Rock's Objections

On March 6, 2008, Smith County Stone, through its sole managing member Terrell Pankey,

entered into a Mining Lease with WAR, through its President David Potter.  The Mining Lease had

a five (5) year term beginning on March 4, 2008 and ending on February 28, 2013.  On August 27,

2010, Defendants sent a document entitled "Termination Notice of Mining Lease" to Plaintiffs.

Paragraph 29 of the Mining Lease is entitled "Default: Termination."  It contained a ten day "cure period" provision for termination.  The provision provided, in relevant part, as follows:

> . . . if SMITH COUNTY STONE shall fail to comply with any of the covenants and agreements contained in this lease, and such default or noncompliance shall continue for a period of ten (10) days after written notice thereof shall be given Western Arkansas Rock, Inc. to SMITH COUNTY STONE, then Western Arkansas Rock, Inc. shall have the right at any time after said (10) day period to terminate this lease by written notice to that effect . . .

(ECF No. 83, Ex. 1, ¶ 29(a)).  It is uncontested that WAR sent one "Termination Notice of Mining Lease" to Plaintiffs dated August 27, 2010, and it listed six reasons for termination of the lease. Judge Bryant recommends the Court find there is a fact issue as to whether WAR's action in terminating the contract without following the two-step written notice requirement in paragraph 29 was a breach of the contract.  *See Spann v. Lovett & Co., Ltd.*, 389 S.W3d 77, 93 (Ark. App. 2012) ("Usually, whether a breach of contract occurred is a question of fact.").

In their objections, Defendants first assert that the record is full of evidence that WAR demanded that Plaintiffs comply with the lease.  They cite to language in the Notice of Termination that suggests Defendants had numerous times demanded that Plaintiffs comply.  While this may be evidence that Plaintiffs were in violation of the lease, it is not evidence that WAR complied with the termination provision in paragraph 29.  Because Plaintiffs claim Defendants' actions were a breach of the contract, there is a factual dispute remaining and Summary Judgment is not appropriate.

Next, Defendants argue for the first time that the written notice provision was either waived by Plaintiffs or that the Notice of Termination served as written notice under the termination provision.  In Defendants' Motion for Summary Judgment, they argue that Plaintiffs breached the contract for the six reasons stated in the Notice of Termination.  They assert that WAR had "every right, and indeed the obligation to terminate the Mining Lease."  ECF No 81, p.8.  Plaintiffs

responded that the lease was improperly terminated under its contractual terms, specifically

paragraph 29(a).  In their Reply to the Response to the Motion for Summary Judgment, Defendants

did not address the Plaintiffs' argument of unlawful termination of the lease.  Therefore, these waiver

issues are being raised for the first time in the objections.  Generally, a party cannot raise arguments

in its objections which were not previously raised before the magistrate judge.  *See Ridenour v.*

*Boehringer Ingelheim Pharmaceuticals, Inc.*, 679 F.3d 1062 (8th Cir. 2012); *Toledano v. Shelter*

*Mut. Ins. Co.*, 2014 WL 2557225, *1 (W.D. Ark. June 6, 2014).  This is a legitimate concern, as the

parties' objections to a Report and Recommendation cannot serve as an avenue to raise additional

arguments to which the opposing party is not given the opportunity to respond.  Such is the case

here, where Plaintiffs have not been afforded the opportunity to respond to Defendants' arguments

that they waived the written notice provision in the lease or that the Notice of Termination actually

served as the written notice, and the lease was terminated ten days later.[1]

Therefore, the Court rejects Defendants' objections.  There remain disputed issues of fact

regarding whether there was a breach of contract.  Accordingly, Defendants' Motion for Summary

Judgment on the breach of contract claim should be denied.

II.  Plaintiffs' Objections

Plaintiffs' objection is limited to Judge Bryant's recommendation that their alter ego claim

against David Potter be dismissed.  They argue that, in *Anderson v. Stewart*, 366 Ark. 203, 234

(2006), the Arkansas Supreme Court instructs that the separate corporate identity can be avoided in

situations when the corporation attempts to "evade a contract or tort obligation."  Because Plaintiffs

---

[1]The Court notes that waiver is generally a question of fact, *Conway Commercial Warehousing, LLC v. FedEx Freight East, Inc.*, 381 S.W.3d 94 (Ark. App. 2011), and that the Defendants' objections likely create additional factual issues.

allege WAR is evading its contractual obligation, they assert that the alter-ego question is one better reserved for the trier of fact.

Plaintiffs assert the corporate identity should be avoided because they allege WAR attempted to "evade a contract or tort obligation." *See Anderson*, 366 Ark. at 234 (citing H. Murray Claycomb, *Arkansas Corporations* §3-15 (1991)).  However, an alleged breach of contract is not sufficient to disregard the corporate form.  Instead, Arkansas law instructs that there generally must be some fraud or deception involving abuse of the corporate form which led to injury.  *See EnviroClean, Inc. v. Arkansas Pollution Control & Ecol. Comm'n*, 314 Ark. 98, 104 (1993).  Beyond the alleged breach of contract, Plaintiffs have demonstrated no instances in which David Potter abused the corporate form of WAR.  It is a nearly universal rule that a corporation and its stockholders are separate and distinct entities, even though a stockholder may own the majority of the stock.  *First Commercial Bank v. Walker*, 333 Ark. 100 (1998).  The Plaintiffs' objections are overruled.

Accordingly, the Court adopts the Report and Recommendation *in toto*.  Separate Defendants' Motion for Summary Judgment (ECF No. 81) is **GRANTED IN PART** and **DENIED IN PART**.  The only claims remaining are Plaintiffs' breach of contract claim against WAR and WAR's counter-claim against Plaintiffs.  David Potter is hereby dismissed from this case.

**IT IS SO ORDERED**, this 5th day of March, 2015.

/s/ Susan O. Hickey
Susan O. Hickey
United States District Judge