IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

TERRELL PANKEY and
SMITH COUNTY STONE, LLC                                                            PLAINTIFFS

VS.                                    Civil No. 4:13-cv-4046

WESTERN ARKANSAS ROCK, INC.                                                       DEFENDANT

**ORDER**

Before the Court is a Motion in Limine filed on behalf of Plaintiffs Terrell Pankey and Smith County Stone, LLC.  (ECF No. 107).  Defendant Western Arkansas Rock, Inc. ("WAR") has filed a response.  (ECF No. 116).  Plaintiffs have filed a reply.  (ECF No. 117).  WAR has filed a surreply.  (ECF No. 119).  The Court finds this matter ripe for consideration.

Plaintiffs move the Court to enter an Order prohibiting the other parties, attorneys, witnesses, and other representatives from introducing any evidence of, or making any reference to the following matters set forth below.

**1. Any facts based on an affirmative defense not pled by Defendant, including: waiver of written notice requirement in contract, and/or  oral notice of default, in contravention of written notice required by contract.**

*A. Waiver*

As to the affirmative defense of waiver, the Court finds that the motion should be and hereby is **GRANTED**.  Plaintiffs' breach of contract claim against WAR centers on WAR's alleged failure to abide by the written notice provision in the parties' Mining Lease.  The notice provision required two written notices:  (1) notice of noncompliance with ten days to cure, and (2) notice of cancellation following the ten-day cure period.   In this case, formal written notice

1

of noncompliance with ten days to cure was not provided to Plaintiffs. Rather, on August 27, 2010, WAR sent Plaintiffs a Notice of Termination of Lease detailing six reasons for the termination.

In their objections to Judge Bryant's Report and Recommendation, WAR raised the issue of waiver for the first time. While the Court has had difficulty deciphering WAR's waiver argument, it appears to center on (1) Plaintiffs' alleged "verbal acknowledgment" of WAR's verbal warnings and requests for documents under the Mining Lease that preceded the Termination Notice; (2) Plaintiffs' "acknowledgment" and "acceptance" of WAR's August 27, 2010 Termination Notice; and (3) Plaintiffs' lack of effort to cure the deficiencies laid out in the August 27, 2010 Termination Notice. WAR argues that these actions and inactions amount to waiver of the written notice provision in the Mining Lease.

Failure to plead the affirmative defense of waiver generally results in the defense being waived. Fed. R. Civ. P. 8(c). "The Supreme Court has indicated that the Rule 8(c) pleading requirement is intended to give the opposing party both notice of the affirmative defense and an opportunity to rebut it." *First Union Nat. Bank v. Pictet Overseas Trust Corp.*, 477 F.3d 616, 622 (8th Cir. 2007).

In this case, WAR did not explicitly set out the waiver defense in its Answer to Plaintiffs' Complaint. Nonetheless, WAR argues that the defense has not been waived because (1) the facts pled in their Answer establish the existence of waiver and (2) they raised their waiver arguments in their objections to the Report and Recommendation, thereby giving Plaintiffs adequate time to rebut the defense. The Court disagrees. The facts pled in the Answer generally refer to Plaintiffs' "acceptance" of the August 27, 2010 termination, but the pleadings do not clearly set out the affirmative defense of waiver so that it can be said that Plaintiffs were put on notice of

the defense. Moreover, the waiver issue was not raised early enough in this case to justify a liberal reading of WAR's pleadings. WAR did not allude to the waiver defense in its Motion for Summary Judgment or reply in support. The issue was not raised until WAR filed its objections to the Report and Recommendation that recommended a partial denial of WAR's summary judgment motion. The objections were filed on February 12, 2015, more than five months after the close of discovery and only two months before trial. Plaintiffs have not been allowed to conduct discovery on the waiver issue and have not been allowed adequate time to prepare a rebuttal to the waiver defense. Accordingly, allowing WAR to argue waiver at trial would result in prejudice to Plaintiffs. For this reason, the Court finds that the motion in limine as to the defense of waiver should be granted.

### B. *Modification of the Mining Lease*

In their objections to the Report and Recommendation, WAR appears to argue that the parties orally agreed to modify the existing Mining Lease and that this modification resulted in the written notice requirement becoming inapplicable. In their Motion in Limine, Plaintiffs point out that the defense of modification of contract was not pled in WAR's Answer or raised in subsequent motions.

The defense of modification of contract is an affirmative defense. *See Helm Fin. Corp. v. Iowa N. Ry. Co.*, 214 F. Supp. 2d 934, 976 (N.D. Iowa 2002); *CSX Transp. Inc. v. Schuykill Rail Car Inc.*, No. 1:13-CV-1409, 2014 WL 2864781, at *5 (M.D. Pa. June 24, 2014); 5 Wright & Miller, Fed. Prac. & Proc. Civ. § 1270, 561 (3d ed. 2004) ("A defense must be raised in the defendant's answer if it will defeat the plaintiff's claim, even if all the allegations in the complaint are true."). Much like WAR's waiver defense, the alleged modification of the agreement between the parties was not sufficiently raised in the pleadings and was argued for the

first time in the objections to the Report and Recommendation. WAR does not refer to a contract modification or new agreement in its pleadings. Rather, WAR simply states that it terminated the lease and Plaintiffs "accepted" the termination and moved off of the property. These allegations were not sufficient to put Plaintiffs on notice of the defense. Under these circumstances, allowing WAR to argue modification at trial would result in prejudice to Plaintiffs. Accordingly, the Court finds that the motion in limine as to the defense of modification should be **GRANTED**.

### C. Oral notifications of default

In their objections to the Report and Recommendation, WAR appears to argue that their oral notifications of default were sufficient under Mining Lease's notice provision. Plaintiffs argue that this is directly contrary to the Mining Lease's written notice provisions and ask the Court to prevent WAR from mentioning any oral notifications.

The Court finds that the motion should be **DENIED WITHOUT PREJDUICE** at this time. The question of the sufficiency of the alleged oral notifications, or any other forms of notification, are issues of contract interpretation that will likely need to be answered by the Court on a directed verdict or answered by the jury.

**2. Any reference to any other claims, debts, or lawsuits asserted or filed against Plaintiffs.**

It is not clear to the Court what "claims, debts or lawsuits" Plaintiffs are referring to in their motion. WAR's response to the motion does not add much clarity. Accordingly, the motion is **DENIED WITHOUT PREJUDICE** at this time. The Court will take up the relevance of specific pieces of evidence as they are presented at trial.

**3. Any reference to the fact that certain parties were previously Defendants in this suit but have now been dismissed.**

The Court finds that the motion should be **GRANTED**. Many claims and defendants have been previously dismissed from this case. The merits of these dismissed claims are not relevant to the merits of the claims that are still pending. Moreover, any mention of dismissed claims or parties would likely cause confusion to the jury.

In their response to the this motion in limine, WAR indicates that they will seek to offer evidence that Plaintiffs "previously filed suit against a number of people in Texas State Court containing much of the same allegations…." WAR claims this evidence "will show that the Plaintiffs lost money operating the quarry, and in desperation, have become litigious to raise money." Again, the Court finds that this information is irrelevant to the merits of the breach of contract claim and has the potential of causing confusion to the jury.

**4. Any reference to any ex parte statement or report of any person not then and there present in court to testify and be cross-examined, or reference to what would have been the testimony of any witness not actually called.**

The Court finds the motion should be **GRANTED**. All parties will be prohibited from submitting hearsay evidence.

**5. Any references regarding the profitability of Plaintiffs' operations in other quarries not a part of the operations in Sevier County, Arkansas.**

The Court finds that the motion should be **GRANTED**. In their response to the motion in limine, WAR argues that Plaintiffs' failed mining ventures in other areas are relevant because they reveal a lack of success and a lack of "business acumen" that the jury should consider "in estimating whether there were any profits to be expected from [the Sevier County] operations." The Court finds that the slight relevance of the success of other mining ventures is outweighed by the possibility of prejudice to Plaintiffs and confusion to the jury. An award of damages

should be based solely upon evidence relating to the revenue, expenses, and "business acumen" applied to the Sevier County operation for the term set out in the Mining Lease.

**IT IS SO ORDERED**, this 10th day of April, 2015.

/s/ Susan O. Hickey
Susan O. Hickey
United States District Judge
