IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

TERRELL PANKEY and
SMITH COUNTY STONE, LLC                                                                                PLAINTIFFS

VS.                                        Civil No. 4:13-cv-4046

WESTERN ARKANSAS ROCK, INC.                                                                              DEFENDANT

**ORDER**

Before the Court is Plaintiffs' Renewed Motion for Judgment as a Matter of Law (ECF No. 142); Defendant's Amended Motion for Judgment on Jury Verdict (ECF No. 139); and Defendant's Motion for Attorney Fees (ECF No. 145). Responses to the motions have been filed. (ECF Nos. 141, 143-144, & 146-147). The Court finds the motions ripe for consideration.

The jury trial of this matter was held on April 14-17, 2015. (ECF Nos. 129, 131-132 & 134). The jury returned a verdict in favor of Defendant Western Arkansas Rock, Inc. ("WAR"). Specifically, the jury found in favor of WAR on Plaintiffs' breach of contract claim and found in favor of WAR on its counterclaims for breach of contract and deceit. As to WAR's breach of contract counterclaim, the jury awarded WAR unpaid royalties of $119,664.46 and audit costs of $1,600.00. As to the counterclaim for deceit, the jury awarded no damages. Because issues of treble damages, interest, and attorney's fees remained, the Court did not enter a judgment on the verdict at the conclusion of the trial. The Court will now address treble damages, interest, and attorney's fees, as well as Plaintiffs' Renewed Motion for Judgement as a Matter of Law.

*1. Plaintiffs' Renewed Motion for Judgment as a Matter of Law*

At the close of Plaintiffs' case, Plaintiffs moved for a directed verdict on their breach of contract claim against WAR. Plaintiffs argued that "the uncontroverted evidence establishes that

1

[WAR] breached the parties' contract (Mining Lease)" because the lease was allegedly terminated prematurely on insufficient grounds and Plaintiffs were not given proper notice of their alleged defaults or an opportunity to cure those defaults. The Court denied the motion, finding that there was sufficient evidence for a jury to conclude that WAR was not liable for breach of contract stemming from the termination of the Mining Lease. Plaintiffs have now renewed their motion making precisely the same arguments contained in their Motion for Directed Verdict. Plaintiffs argue that the jury's failure to find in favor of Plaintiffs on their breach of contract claim is "against the greater weight of the evidence."

Upon consideration, the Court finds that the motion (ECF No. 142) should be and hereby is **DENIED**. There was sufficient evidence before the jury for it to conclude that WAR should not be held liable for breach of contract.

### 2. *Treble Damages*

WAR argues that it is entitled to treble damages based on the breach of contract award of $119,664.46 for unpaid royalties. Paragraph 9(d) of the Mining Lease provides:

> SMITH COUNTY STONE shall permit Western Arkansas Rock, Inc. access at all reasonable times to all books and records relating to the tonnages removed from the Leased Premises, provide copies of such records to Western Arkansas Rock, Inc. upon request, permit Western Arkansas Rock, Inc. to test its scales, cooperate with Western Arkansas Rock, Inc. in reconciling any discrepancies, or permit an audit of SMITH COUNTY STONE's records. If any of the audits establish that SMITH COUNTY STONE underpaid royalties intentionally or through failure to report removals in the agreed-to manner, SMITH COUNTY STONE shall pay, as a penalty, the audit costs plus three (3) times the net shortfall in royalty payments.

(ECF No. 1, Exh. 1). WAR argues that the verdict on their breach of contract claim establishes that the unpaid royalties were the result of Plaintiffs' failure to "report removals in the agreed to manner," thereby triggering the treble damages provision. Additionally, WAR argues that the

verdict on their deceit claim establishes that Plaintiffs "intentionally" underreported royalties. This intentional underreporting would also trigger the treble damages provision.

As a matter of law, the Court finds that the evidence at the trial and the jury's verdict in favor of WAR entitles it to treble damages in accordance with the parties' contract. The jury's verdict clearly demonstrates that royalties were not paid in the agreed to manner, if not intentionally underpaid through deceit. The jury determined that the underpaid royalties for 2008-2009[1] amounted to $119,664.46. Applying the contract penalty, WAR is entitled to a total of $358,993.38 based on unpaid royalties.

### 3. Prejudgment Interest

WAR argues that it is entitled to prejudgment interest on the award of the unpaid royalties. Paragraph 8(c) of the Mining Lease provides: "In the event SMITH COUNTY STONE fails to make any payment when due, SMITH COUNTY STONE agrees to pay interest thereon at the maximum legal rate allowed in Arkansas, from the due date until payment is received." Because the jury did not separate the unpaid royalties by month, WAR suggests calculating interest on the entire amount of unpaid royalties beginning January 1, 2010, the latest possible payment due date for 2008-2009 royalties. WAR also argues that an interest rate of 8.25% should be applied. This interest rate was formulated pursuant to Ark. Const. art. 19, § 13, as amended by Ark. Const. amend. 60 ("Amendment 60") which provides that "the maximum lawful rate of interest on any contract entered into after the effective date hereof shall not exceed five percent (5%) per annum above the Federal Reserve Discount Rate at the time of the contract." According to WAR, the Federal Reserve Discount Rate at the time the contract was

---

[1] The only evidence of unpaid royalties submitted at trial was from 2008-2009.

entered into in March 2008 was 3.25%. While Plaintiffs generally argue that WAR is not entitled to interest,[2] they have not objected to WAR's interest rate calculation.

Pursuant to the parties' contract, the Court finds that WAR is entitled to prejudgment interest as to the unpaid royalty payments. Per the jury's verdict, the unpaid royalty amount due as of January 1, 2010 was $119,664.46.[3] This amount plus annual interest at a rate of 8.25% through April 17, 2015, the date of the jury's verdict, results in a total prejudgment interest amount of $62,461.91.

### 4. *Attorney's Fees*

WAR requests that the Court award it reasonable attorney's fees for the cost of defending this action and prosecuting its counterclaims. Arkansas Code Annotated § 16–22–308 provides that "[i]n any civil action to recover on…[a] breach of contract, unless otherwise provided by law or the contract which is the subject matter of the action, the prevailing party may be allowed a reasonable attorney fee to be assessed by the court and collected as costs." Under § 16–22–308, "no award of fees is mandatory, and the trial court, presumably better acquainted with the circumstances of the proceedings, has discretion whether to award fees and in what amount." *S. Wine & Spirits of Nevada v. Mountain Valley Spring Co., LLC*, 712 F.3d 397, 401 (8th Cir. 2013). In considering an award of attorney's fees, the following factors provide guidance: "(1) the experience and ability of the attorney; (2) the time and labor required to perform the service properly; (3) the amount in controversy and the result obtained in the case; (4) the novelty and

---

[2] Plaintiffs only argument regarding interest payments and treble damages is that the jury might have read Paragraphs 9(d) and 8(c) of the contract and factored in interest and treble damages into their unpaid royalties calculation. The Court disagrees. The jury was not instructed on calculating interest or treble damages, and there is no indication that the jury attempted to make these calculations.

[3] WAR argues that prejudgment interest should be calculated based on the trebled unpaid royalties. WAR has offered no legal authority on this point, and the Court finds that a more accurate reading of the contract requires that prejudgment interest be paid only on the actual amount of unpaid royalties.

4

difficulty of the issues involved; (5) the fee customarily charged for similar services in the local area; (6) whether the fee is fixed or contingent; (7) the time limitations imposed upon the client in the circumstances; and (8) the likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the attorney." *Phi Kappa Tau Hous. Corp. v. Wengert*, 350 Ark. 335, 341, 86 S.W.3d 856, 860 (Ark. 2002).

Upon consideration of these factors and upon review of WAR's itemized statement of services rendered (ECF No. 145, Exh.1 & ECF No. 147, Exh. 1), the Court finds that the Motion for Attorney's Fees (ECF No. 145) should be and hereby is **GRANTED**. The Courts finds that an award of $37,175.75 is appropriate in this case.

## CONCLUSION

In accordance with the determinations above, the Court finds Plaintiffs' Renewed Motion for Judgment as a Matter of Law (ECF No. 142) should be and hereby is **DENIED** and that WAR's Amended Motion for Judgment on Jury Verdict (ECF No. 139) should be and hereby is **GRANTED in part** and **DENIED in part**. A separate Judgment of even date in favor of WAR and against Plaintiffs will be entered in the amount of $460,231.04.[4] Post-judgment interest will accrue at a rate of .24%.

**IT IS SO ORDERED**, this 13th day of May, 2015.

/s/ Susan O. Hickey
Susan O. Hickey
United States District Judge

---

[4] This total reflects $1,600.00 in audit costs, $358,993.38 in trebled unpaid royalties, $62,461.91 in prejudgment interest, and $37,175.75 in attorney's fees.